JUDGE EBYOB
delivered the opinion oe the court.
Section 1 of the act entitled “An act for the redress of injuries arising from the neglect or misconduct of railroad companies and others” (Revised Statutes, 2 Stanton, p. 510) provides “ that if the life of any person not in the employment of a railroad company shall be lost by reason of the carelessness or negligence of the proprietors of any railroad, or the negligence of their servants or agents, the personal representative of the person whose life is so lost may institute an action to recover damages,” etc.
There was a general verdict in this case for five hundred dollars in damages, and a special finding of facts by the jury, in substance, that the deceased, Preston Johnson, died from the injury caused by appellee’s car, and that appellee’s agent or car-driver was guilty of negligence, but not guilty of willful neglect. The special finding by the jury is not inconsistent with the general verdict rendered, and the pleadings, if sustained by the proof, authorized the recovery.
The appellee in this case is the Louisville City Railway Company, incorporated for the transportation of persons on its cars within the limits of the city of Louisville. The court below refused to render a judgment upon the general verdict or on account of the special finding, for the reason, as indicated by the record, that such a railway is distinct and different from an ordinary railroad, therefore not embraced by the language of the statute imposing a liability in such cases upon railroad companies; and on the motion of appellee entered a judgment for the defendant.
The language of the act is “the proprietors of any railroad,” and applies, in our opinion, to any railroad, whether impelled by horse or steam power, or constructed as a narrow *233 or broad gauge, with iron or other railing, the evident intention of the legislature being to bring within the meaning of the act all corporations known as railroad companies and engaged in the transportation of either freight or passengers. If not so intended, the exception made should be found in the statute.
The distinction made between such roads in the case of the Louisville & Portland Railroad Company v. The Louisville City Railway Company (2 Duvall, 175) was a distinction as to the use or purposes of each, and to show that the construction of one did not necessarily affect the rights of the other. The cases are not analogous, and the principle established in the one has no application to the other.
The fact that no bill of evidence accompanies the record does not cure the error complained of or prevent this court from considering the question involved.
The demurrer to the petition was properly overruled, as it presented a cause of action for either ordinary or willful neglect.
The special finding also sustained the verdict, and the court below had no power, upon such a state of facts, to enter a judgment non obstante verdieto; and if the evidence was in the record, it would not affect the determination of the question presented.
The judgment of the court below is reversed, and cause remanded with directions to enter a judgment in accordance with the verdict, unless the appellee, in the opinion of the court, is entitled to a new trial.
The judgment rendered, having been reversed, leaves the motion for a new trial made by the appellee still pending. If this motion is overruled, the remedy is by an appeal.