[No. 89.   Decided February 11, 1891.]

FRONT STREET CABLE RAILWAY COMPANY V. F. JOHN-
SON, D. NELLES, H. J. LEAIRD, I. B. CUNNINGHAM,
D. LANDSBURG, H. HARRISON, P. NELSON, CHARLES
WILSON, T. STACKPOLE, F. J. HILL, J. P. BROWN, J.
MUNTER, AND D. CLARK.

#### MECHANIC'S LIEN — STREET RAILWAYS.

A laborer can have no lien upon a street railway, under ch. 138,
Code 1881, unless the person causing the railway to be constructed
has some estate in the land over which it is laid.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion.

*Struve, Haines & McMicken,* and *James Kiefer,* for appellant.

A street cable railway constructed in a public street of a
city by virtue of a franchise is not the subject of a mechanic's
lien, and cannot be taken in execution and sold.   It is there
by right of its franchise, and any purchaser or transferee
who would attempt to use the road, and necessarily the street,
without the franchise, would be a trespasser.   At common
law corporate franchises cannot be taken into execution and
sold.   *Gue v. Tide Water Canal Co.* 24 How. 257; *Ran-
dolph v. Larned,* 27 N. J. Eq. 557; *Stewart v. Jones,* 40
Mo. 140; *Susquehanna Canal Co. v. Bonham,* 9 Watts &
S. 27 (43 Am. Dec. 315); *Mahoney v. Spring Valley Water
Works Co.* 52 Cal. 161.   There is no statute in Washing-
ton authorizing the levy of an execution or the creation of
any other lien upon corporate franchises.   Whatever may
be necessary to the exercise of the corporate franchise of
a railroad cannot become the subject of a mechanic's lien,
and cannot be taken in execution and sold.   Phillips, Mech.
Liens (2d ed.), § 180; *Dunn v. Railroad Co.* 24 Mo. 493;

*McIlvain v. Hestonville R. R. Co.*, 78 Am. Dec. 698, note. A cable railroad company like the appellant has no interest whatever or property in the street in which its road is laid. Ownership or estate in real property is at the very foundation of the whole system of mechanics' liens, and upon this basis rests the whole theory of liens

*McGilvra, Blaine & De Vries,* for appellees

The laws of the State of Washington grant a right of lien to mechanics and laborers upon railroads and similar structures.   Under such a statute a lien can be had upon a street car line.   Code of 1881, ch. 138; 2 Jones' Liens, §§ 1628–39; *Williams v. City Electric Street Ry. Co.* 41 Fed. Rep. 556; *Benedict v. Railroad Co.,* 24 Conn. 320; *Louisville etc. Ry. Co. v. Boney,* 117 Ind. 501 (20 N. E. Rep. 432).

The opinion of the court was delivered by

STILES, J.—The decree from which this appeal was taken established that the appellees were entitled to the foreclosure of their numerous liens upon the cable railway of the appellant on Front and other streets, in the city of Seattle, and the power-house connected with the railway, and the machinery connected with the power-house, and ordered the sale of the same or so much thereof as might be necessary to raise the amount due the appellees. The liens thus adjudicated had been filed against the railway, etc., for labor performed at the instance of a sub-contractor in connection with the construction of the concrete road-bed, laid in the streets for the reception of the rails. Numerous questions growing out of the lien statutes of this state were pertinently raised by the record, but underlying all the others is that as to whether a lien can be maintained upon a street railway under chapter 138 of the code. With this point resolved in the affirmative, we should be required to review the case further; but if it is decided in

the negative, the judgment establishing the lien and order-ing a sale must be reversed. Section 1957 specifies the structures upon which an unpaid laborer may have a lien. One of these is a "railroad"; another is "any other struct-ure." The lien is given upon the structure, and the land upon which it is erected, and, unless there can be a lien upon the land, there can be none upon the structure. This position was taken in the case of *Kellogg v. Littell & Smythe Manufacturing Co.*, 1 Wash. 407 (25 Pac. Rep. 461), decided at the last session of this court. Therefore, to authorize a lien in the case of a street railway, it would be necessary that the person who caused the railway to be con-structed have some estate in the land over which it was laid. This it could not have, as the fee of the streets of Seattle is in the city for the public use, the general public having the easement of use, and the municipal authorities having power to grant only a license to street-railway builders to occupy and use, as a part of the public ease-ment, such portions of the streets as is necessary to the operation of their cars. Acts 1885–86, p. 244. The street railway company owns the structure laid by it on the highway, and a franchise to collect fares. Pierce, Rail-roads, 252. The license of the street railway company is not a distinct easement. *Attorney-General v. Railroad Co.*, 125 Mass. 515 (28 Am. Rep. 264). And it creates no ad-ditional burden upon the land for which abutting owners are entitled to compensation, unless there are special reasons therefor. Elliott, Roads & S. 558; Mills, Em. Dom., § 205; Lewis, Em. Dom., § 124; Rorer, Railroads, 1425. Being unable to find, therefore, that a street railway is such a "structure" as the statute contemplates, the conclusion follows that the right of the lien does not exist.

We deem it to be a clear proposition, also, that these "railways" are not "railroads"; according to the usual and ordinary meaning of the word, to which reference must

be had for the interpretation of a statute. The difference between these two valuable instruments of public convenience was clearly pointed out in the earlier days of street railways, in a contest for the possession of some of the streets of the city of Louisville, Ky., between a railroad company and a street railway company. The case reported is that of *Louisville, etc., R. Co. v. Louisville City Ry. Co.,* 2 Duv. 175. The legislature of Kentucky, in 1860, in furtherance of a certain railroad enterprise in which the state had an interest, enacted that "no other railroad" should be constructed in certain streets in the city of Louisville. Later, a street railway company was organized, and under license from the city of Louisville, commenced to lay its tracks on some of the streets mentioned in the act of 1860. The railroad company sought to enjoin the new company, on the ground that its rights under the act of 1860 were being violated. This brought up the question whether the street railways proposed to be built were "railroads," within the meaning of the statute, and the Kentucky court of appeals holding them not to be, refused the injunction. In its decision the court said: "A 'railroad' and a 'street railroad' or way are, in both their technical and popular import, as distinct and different things as a 'road' and a 'street,' or as a 'bridge' and a 'railroad bridge.' . . . A street railway is not, in either the popular or legislative sense, a railroad." This case is cited with apparent approval in 2 Rorer, Railroads, 1422, and in Elliott, Roads & S., p. 558, and we agree with the views there expressed. For these reasons the decree must be reversed as to the appellant, and the cause as against it dismissed; and it is so ordered. Costs to appellant.

Anders, C. J., concurs.

Dunbar, J., concurs in the result.

Hoyt, J., did not sit at the hearing of the cause, he being disqualified.

SCOTT, J. (*dissenting*). — I concur in the result as to all the appellees excepting Brown and Johnson, on the ground that except as to these two there was no proof by the lienors that their claims had not been paid.   I think that in a case like this, where the claimants had contracted and dealt with another than the owner of the property in relation to the matters out of which their claims arose, the burden of proof was upon them to show that the respective sums claimed were still due and owing them, as these were matters as to which the owner might and probably would have no knowledge, and that such circumstances are sufficient to take it out of the general rule in relation to the proof of payments. While payment is usually an affirmative defense, yet, where property of a third person is attempted to be taken by operation of law to satisfy a claim against another party, the plaintiff should prove all facts necessary to entitle him to the relief prayed for.   Lien claimants are required to swear that the amount claimed is justly due in order to obtain a lien, and they should also be required to prove their claim at the trial in cases like this.   I can see no reason why a lien cannot be had and enforced on a street railway, including such franchise or right-of-way as may be connected therewith in the use of the street itself, under chapter 138 of the code, without any strained construction or interpretation of its provisions; and the case of *Kellogg v. Littell & Smythe Mfg. Co.*, 1 Wash. 407, cited, does not conflict therewith.   The company certainly had the right to operate its road on the streets where it was laid.   It would not be contended that a lien cannot be had on a building erected by a lessee on leased land, together with the right of the lessee in the land itself, in so far as the same should be necessary to the use of the building, where the lessee had the right to erect and use the building, and there is little difference in principle between such a case and this one.   As to Brown and Johnson, I think the judgment should have been affirmed.