WILLIAM BAMMEL ET AL. V. JOHN H. KIRBY, RECEIVER, ET AL.

Decided June 23, 1898.

**Street Railroad—Liability for Death—Statute.**

The words "any railroad," in article 3017 of the Revised Statutes, giving a right of action when the death of any person is caused by the negligence or carelessness of a receiver in charge or control of any railroad, his servants or agents, include street railways.

APPEAL from Harris. Tried below before Hon. JOHN G. TOD.

*F. F. Chew, Sr.,* and *Ed S. Phelps,* for appellant.

*Jones & Garnett,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—By their petition in the court be- low, plaintiffs alleged that, while the property of the Houston City Street Railway Company was in possession and under control of appellee, Kirby, as receiver thereof, appointed by the United States Circuit Court, the child of plaintiffs was negligently run over and killed by a car operated

by servants of such receiver; and plaintiffs sought judgment against such receiver as well as against the Houston Electric Street Railway Company. As against the latter company, it was averred that after the institution of this action the property and franchise of the Houston City Street Railway Company had been sold by the receiver at public sale and bought in by an agent for that company, and that it had been reorganized and incorporated under the laws of this State, under the name of the Houston Electric Street Railway, which company was in possession of and operating all of such properties, and that such property was now owned and possessed by the same persons who owned same prior to sale.

A general demurrer was sustained to the petition and the suit was dismissed on the ground that the statutes of this State gave no cause of action against the receiver of a street railway for the death of a person caused by the negligence of his servants.

Whether or not this ruling is correct depends upon a construction of article 3017, Revised Statutes, which gives rights of action, as follows:

"1. When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer, hirer of any railroad, steamboat, stage coach, or other vehicle for the conveyance of goods or passengers, or by the unfitness, negligence, or carelessness of their servants or agents; when the death of any person is caused by the negligence or carelessness of the receiver or receivers or other person or persons in charge or control of any railroad, their servants or agents, and the liabilities of receivers shall extend to cases in which the death may be caused by reason of the bad or unsafe condition of the railroad or machinery or other reason or cause by which an action may be brought for damages on account of injuries, the same as if said railroad were being operated by the railroad company.

"2. When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another."

We believe that it has not been questioned in this State that street railroads themselves, when operating their roads, are liable under this statute for damages for deaths caused by the negligence of their servants. If they are generally liable, their liability is created by the inclusion of them within the words "any railroad" used in the first clause of subdivision 1. If that language embraces street railroads, it must necessarily follow that the same language in the second clause, with reference to the receiver of "any railroad," must also include receivers of such railways, because it is impossible to hold that the words are used in different senses in the two relations. It might be urged that liability would attach to such a company as the owner of "vehicles for the conveyance of passengers," but it is hardly to be supposed that the Legislature, if intending to make them liable at all, would express its intention by referring to them as the owners of vehicles, while at the same time declaring generally the liability of railroads. The words "other vehicles" follow naturally after "stage coach," and include such instruments of conveyance as are not embraced in the preceding language. They might include street cars,

but we think the more natural construction of the statute is to hold that those operating street railways are included among the owners of "any railroad."

That the language "any railroad" employed in such a statute does include street railroads is expressly held by the Court of Appeals of Kentucky, in Johnson v. City Railway Company, 10 Bush, 231.

No reason can be suggested why the Legislature would exempt such companies from the liability created against the others named, and there is nothing in the language used to require such a construction. The word "railroad" has often been held to embrace street railways, the question, whether or not they were intended, depending upon a proper construction of the whole statute, the purpose of the enactment and the context generally enabling the court to see whether or not they are included. Commonwealth v. Railway, 52 Pa. St., 506; Gyger v. Railway, 136 Pa. St., 96; Millvale v. Railway, 131 Pa. St., 1; Railway v. Pittsburg, 104 Pa. St., 522; Price v. State, 74 Ga., 378.

There are decisions holding that street railways were not included within such words as "railroad" or "railway" when used in particular statutes under construction; but in them, as in other decisions construing statutes, the whole law was looked to for the purpose of ascertaining the legislative intent, and the conclusion was reached in accordance with what the courts supposed to be such intent. Riley v. Railway, 35 S. W. Rep., 826; Railway v. Railway, 2 Duv., 175; Railway v. Johnson, 25 Pac. Rep., 1084.

Here the scope and purpose of the statute satisfy us that the Legislature intended no distinction between different kinds of railroads, and the language, "any railroad," repels the idea that a particular class of roads was not intended to be included. In some of our statutes relating to railroads, street railways have been expressly excepted, in order to prevent the application of the enactment to them, as in the "Separate Coach" law, passed at the same session with the amendment in question making receivers of railroads liable for injuries resulting in death (Revised Statutes, article 4509), and the law creating the Railroad Commission (Revised Statutes, article 4580, subdivision 1).

We are therefore of the opinion that the language "any railroad," in the statute under consideration, includes street railroads, and therefore gives an action against receivers of such roads for the death of a person caused by the negligence of their servants.

It does not follow that either the original corporation or the Houston Electric Street Railway company is also liable upon the facts alleged in the petition. We will not enter upon a discussion of the questions upon which the liability of the corporations depends, but content ourselves with referring to some of the decisions upon the subject. Fordyce v. DuBose, 87 Texas, 78; Street Railway v. Bell, 42 S. W. Rep., 772; Railway v. Norris, 41 S. W. Rep., 708, and authorities cited; Howe v. Sinclair, 27 S. W. Rep., 800; Railway v. Keller, 8 Texas Civ. App., 537; Sayles' Stats. (Supp.), article 4260a.

The judgment can not be affirmed, because the action of the court in dismissing the suit against the receiver was erroneous, from which a reversal follows; and plaintiffs may be able to amend so as to show liability on the part of the company.

The judgment will therefore be reversed as to both defendants and the cause will be remanded.

*Reversed and remanded.*