THE STATE OF KANSAS v. GRANT CAIN.

No. 13,855. (76 Pac. 443.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Breaking a Street-car Window.* The wilful breaking of the window of a street-car in use upon a street-railway is not a violation of any of the provisions of section 2098, General Statutes of 1901.

Appeal from Cherokee district court; W. B. GLASSE, judge.   Opinion filed April 9, 1904.   Reversed.

*C. C. Coleman,* attorney-general, and *Al. F. Williams,* for The State.

*Sapp & Wilson,* for appellant.

The opinion of the court was delivered by

GREENE, J.:   The appellant was convicted under section 2098, General Statutes of 1901, upon an information charging that he did, on the 23d day of May, 1903, in the county of Cherokee, state of Kansas, unlawfully, feloniously and wilfully break and injure passenger-car No. 31 on the Southwest Missouri Electric Railway Company's tracks, by throwing a stone against, and breaking the glass in, a window of said car.   The Southwest Missouri Electric Railway Company is a street-railway company, and passenger-car No. 31 was a street-car being run on Mineral street in the city of Galena when the alleged offense was committed.   The section under which the appellant was prosecuted reads as follows:

"Every person who shall wilfully cut, break, burn, injure or destroy any locomotive, car, or other machinery, which now is or which may hereafter be in use upon any railroad in this state, or any woodhouse, car or water-station erected for the accommodation and use of any railroad within this state, shall on conviction thereof be punished by confinement and hard labor in the penitentiary not less than one nor more than three years."

The court instructed the jury in part as follows:

"Under the law of this state, so far as it is applicable to this case, it is enacted as follows: 'Every person who shall wilfully  .  .  .  break,  .  .  . [or] injure  .  .  .  any  .  .  .  car  .  .  .

which now is or which may hereafter be in use upon any railroad in this state . . . shall on conviction thereof be punished. . . .'

"You are instructed that, as a matter of law, the railroad of the Southwest Missouri Electric Railway Company, described by the evidence in this case, is such a railroad as is mentioned in the statute from which I have just quoted; and that statute is applicable to, and is invoked by, the charge preferred by the averments of the information in this case."

Appellant contends that a street-car is not within the provisions of this section. We have not sought to ascertain when this section was first enacted into the laws of this state, but we find that it is section 105 of chapter 31 of the General Statutes of 1868. This was prior to the existence of street-railways in Kansas. While this would not of itself be conclusive that street-railway cars were not included in this section, we cannot presume that the legislature intended to protect a class of property which did not exist in the state. The only article of property mentioned which indicates that a street-railway car might be included is the word "car," but that word is used in connection with "locomotives," "wood-house" or "water-station erected for the accommodation and use of any railroad within this state." This class of property is not the equipment of a street-railway. The motive power of the first system of street-railways in the state was mules and horses, and street-railways have never possessed such equipments as "wood-houses" or "water-stations;" so that the word "car" was evidently intended to refer to passenger- and freight-cars used on railroads where locomotives, wood-houses and water-stations are essential to their operation. The legislature has never treated the term "railroads" as inclusive of street-railways.

The State v. Cain.

Subdivision 3 of section 727, General Statutes of 1901, in describing the general powers of the mayor and council of cities of the first class, and authorizing such cities to levy and collect a license-tax, provides that a license-tax may be collected upon all "railroad and railroad companies (including street- or horse railroads) ;" and in subdivision 20, in granting authority to such cities to regulate parks and public grounds, it is provided that they shall have power "to provide for and regulate the construction and passage of railways and street-railroads through the streets, avenues, alleys or lanes and public grounds of the city."

In section 5955, General Statutes of 1901, it is provided : "In any contract for the sale of railroad or street-railway equipment or rolling-stock it shall be lawful to agree that the title to the property sold or contracted to be sold  .  .  .  shall not vest in the purchaser until the purchase-price shall be fully paid." It will be observed that the legislature thought it necessary to mention street-railways specially, indicating that it did not understand the term "railroads" to include street-railways.

The authorities generally hold that street-railways are not included in the word "railroads," and the provisions of the statute of the different states concerning railroads have not been held to include street-railways.   In *Funk v. St. Paul City Ry. Co.*, 61 Minn. 435, 63 N. W. 1099, 29 L. R. A. 208, 52 Am. St. Rep. 608, it was said :

"Laws 1887, c. 13 (G. S. 1894, § 2701), provides that every railroad corporation owning and operating a railroad in this state shall be liable for damages sustained by an agent or servant by reason of the negligence of any other agent or servant.   *Held*, that

this law is not applicable to a street-railway corporation, although its line is operated by cable.''

In *Manhattan Trust Co. v. Sioux City Cable Ry. Co.,* 68 Fed. (C. C.) 82, we find this statement in the syllabus:

"The Iowa statute (McClain's Code, § 2008), making a judgment against any railway corporation, for injury to person or property, a lien superior to that of mortgages on its property, does not apply to street-railway corporations."

In *Louisville & Portland Railroad Co. v. Louisville City Railway Co.,* 63 Ky. 175, it was held:

"A provision in a railroad charter that no other *railroad* should be constructed between two named points in a city, cannot be construed as prohibiting the construction of street-*railways* anywhere within the city for the convenience of its inhabitants.

"In a technical sense, a street-rail*way* is not a rail*road*, and, in such contradistinctive sense, the term 'rail*road*' was used in the charter.''

In *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672, 74 N. W. 1074, 69 Am. St. Rep. 736, it was held:

"Section 3, article 1, chapter 72, Compiled Statutes 1897, providing that 'Every railroad company, as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the person injured,' etc., has no application to street-railways.''

Also, in *Bridge Co. et al. v. Iron Co.,* 59 Ohio St. 179, 52 N. E. 192, it was held:

"The statutes of this state relating to railroads are separate and distinct from those relating to street-railroads, and the word 'railroad' in section 3208, and in section 1 of the act of March 20, 1889, 86 O. L. P. 120, section 3231–1, Bates's Statutes, does not include street-railroads.'' .

We are firmly convinced that the act charged against appellant was not in violation of any of the terms of the section under which he was charged and convicted.

The judgment of the court below is reversed and the appellant discharged.

All the Justices concurring.