OMAHA & C. B. ST. RY. CO. et al. v. INTERSTATE COMMERCE COMMISSION.

(Circuit Court, D. Nebraska.   April 25, 1910.)

CARRIERS (§ 24*)—INTERSTATE CARRIERS—REGULATION OF STREET RAILROADS.
   Act Cong. Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), or its amendments (Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1909, p. 1149]), being acts to regulate commerce, do not apply to street railway companies engaged in the transportation of passengers between cities in different states.
   [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 24.*]

In Equity. Suit by the Omaha & Council Bluffs Street Railway Company and another against the Interstate Commerce Commission. Motion for a preliminary injunction granted.

John Lee Webster, for complainants.
P. J. Farrell and Charles A. Goss, for defendant.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

PER CURIAM. Whereas, the complainants are street railway companies engaged in operating street cars for the transportation of passengers on the streets of Omaha and Council Bluffs, and are not commercial railroad companies engaged in the general transportation of freight and passengers, and the Interstate Commerce Commission by its order dated November 27, 1909, required them to cease demanding or receiving their fares of 15 cents per passenger for the transportation

of passengers from Council Bluffs, not including Courtland Beach, Iowa, to points on complainants' lines in Omaha, Neb., or from points on complainants' lines in Omaha, Nebraska, to Council Bluffs, Iowa, not including Courtland Beach, Iowa, and also required them to establish and to maintain for two years a less rate,

And, whereas, the judges are of the opinion that the Congress never intended that the act to regulate commerce (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [3 U. S. Comp. St. 1901, p. 3154]), or its amendments (Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1909, p. 1149]), should apply to, and they are of the opinion that they do not apply to such street railway companies, that no power has been delegated thereby to the Interstate Commerce Commission to regulate or affect the rates of transportation of such companies, and that the order of the Interstate Commerce Commission was beyond its powers, and ought not to be enforced during the pendency of this suit. Louisville & Portland Ry. Co. v. Louisville City Ry. Co., 2 Duv. (63 Ky.) 175, 178; Funk v. St. Paul Ry. Co., 61 Minn. 435, 437, 441, 63 N. W. 1099, 29 L. R. A. 208, 52 Am. St. Rep. 608; State v. Duluth Gas & Water Co., 76 Minn. 96, 108, 78 N. W. 1032, 57 L. R. A. 63; Manhattan Trust Company v. Sioux City Cable Ry. Co. (C. C.) 68 Fed. 82, 86 Congressional Record, vol. 17, part 4, p. 3472; Railroad Commissioners v. Market Street R. R. Co., 132 Cal. 677, 678, 679, 682, 683, 64 Pac. 1065; Gyger v. West Philadelphia Ry. Co., 136 Pa. 96, 108, 20 Atl. 399; State of Kansas v. Grant Cain, 69 Kan. 186, 189, 190, 76 Pac. 443; Railroad Company v. Railroad Commissioners, 73 Kan. 168, 169, 173, 84 Pac. 755; Sams v. St. Louis, etc., Ry. Co., 174 Mo. 53, 64, 69, 74–77, 81, 73 S. W. 686, 61 L. R. A. 475; Thompson Houston, etc., Co. v. Simon, 20 Or. 60, 75, 25 Pac. 147, 149, 10 L. R. A. 251, 23 Am. St. Rep. 86; Front Street Cable Ry. Co. v. Johnson, 2 Wash. St. 112, 25 Pac. 1084, 1085, 11 L. R. A. 693; Riley v. Galveston City R. R. Co., 13 Tex. Civ. App. 247, 35 S. W. 826, 827.

It is hereby ordered that the aforesaid order of the Interstate Commerce Commission of date November 27, 1909, be, and the same is hereby, suspended, and the Commission, its attorney, agents, and employés, are hereby restrained and enjoined from enforcing it until the final decision of this suit or the further order of the court.

This order shall take effect upon the filing with the clerk of this court of a bond in the sum of $10,000, approved by one of the judges of this court, and conditioned that the complainants will pay any and all damages which result from the making of this order in case the order shall not be sustained.