PULOM v. JACOB DOLD PACKING CO.

(Circuit Court, W. D. Texas, San Antonio Division. November 4, 1910.)

No. 817.

1. DEATH (§ 11*)—RIGHT TO SUE—COMMON LAW—ACTION BY SURVIVING WIFE.
    At common law no action would lie in favor of a surviving wife for the wrongful killing of her husband.
    [Ed. Note.—For other cases, see Death, Cent. Dig. § 15; Dec. Dig. § 11.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** DEATH (§ 33*)—STATE STATUTES—CONSTRUCTION—ACTION AGAINST CORPORATION.

Rev. St. Tex. 1895, art. 3017, subd. 2, gives an action for actual damages for injuries causing the death of a person when the death is caused by the wrongful act, negligence, unskillfulness, or default of another. *Held* that, under such provision as construed by the Supreme Court of Texas, a private corporation is not liable for the death of another occurring through the acts or omissions of its agents or servants, but only where the death is caused by the corporation's own wrongful act.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 49; Dec. Dig. § 33.*]

**3.** DEATH (§ 33*) — WRONGFUL DEATH — STATUTES — CONSTRUCTION — EJUSDEM GENERIS—"OTHER VEHICLES FOR CONVEYANCE OF GOODS OR PASSENGERS."

Rev. St. Tex. 1895, art. 3017, subd. 1, gives a right of action for wrongful death caused by the negligence or carelessness of the proprietor, owner, charterer, or hirer of any railroad, steamboat, stagecoach, or other vehicle for the conveyance of goods or passengers, or by the negligence of their servants or agents. *Held* that, under the rule ejusdem generis, the words "other vehicles for the conveyance of goods or passengers" should be construed to mean vehicles for the conveyance of goods or passengers for hire, and that the section therefore did not confer a right of action for wrongful death caused by the alleged negligence of the driver of a private vehicle, used solely to further the owner's private business.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 49; Dec. Dig. § 33.*

For other definitions, see Words and Phrases, vol. 6, pp. 5070–5102; vol. 8, pp. 7741–7743.]

**4.** WORDS AND PHRASES—"EJUSDEM GENERIS."

"Ejusdem generis" means of the same kind or species. The words are used to designate a rule of construction that when an author makes use first of terms, each evidently confined and limited to a particular class of a known species of things, and then, after such specific enumeration, subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet, when used, embraces only things ejusdem generis—that is, of the same kind or species—with those comprehended by the preceding limited and confined terms (citing 3 Words & Phrases, 2328).

At Law. Action by Fannie Pulom against the Jacob Dold Packing Company. On demurrer to petition. Sustained.

This suit was brought by the plaintiff to recover damages for the death of her husband. The question to be decided arises upon a demurrer to the petition, the material allegations of which are the following: "Plaintiff avers that the defendant owns and operates the said packing company in Bexar county, Tex., and has various and numerous persons in its employment, and that it also operates large wagons through the streets of the city of San Antonio; that on the 2d day of October, A. D. 1909, between the hours of 12 and 1 o'clock, at the corner of Houston street and Santa Rosa avenue, F. J. Pulom, the husband of the plaintiff, was run over and killed; that the defendant's wagon was driven by a minor, who could not control the mules and wagon; and that the driver was on the wrong side of the street when it ran into the husband and killed him." To the petition the following demurrer was interposed: "The defendant especially demurs to that portion of the petition wherein it seeks to recover damages for the death of the plaintiff's husband, for the reason that the petition shows that the defendant is not one of those parties, persons, or corporations against whom a cause of action for the death of a person due to the negligence of an agent or servant would survive or exist under the laws of Texas."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Will A. Morris, Thad T. Adams, and A. R. Hopkins, for plaintiff.
Bertrand & Arnold, for defendant.

MAXEY, District Judge (after stating the facts as above). It is clear that by the common law no action would lie in favor of the surviving wife. In The Harrisburg, 119 U. S. 204, 7 Sup. Ct. 142 (30 L. Ed. 358), Mr. Chief Justice Waite, as the organ of the court, used this language:

"It was held by this court on full consideration in Insurance Company v. Brame, 95 U. S. 756 [24 L. Ed. 580], that by the common law no civil action lies for an injury which results in death." 8 Am. & Eng. Enc. Law, 854, 855; Hendrick v. Walton, 69 Tex. 192, 6 S. W. 749.

We must therefore look to the statute to determine whether the plaintiff has a cause of action to recover damages of the defendant for the death of her husband resulting from the negligence of the defendant's agent, the wagon driver.

The provisions of the Revised Statutes of Texas (1895) as applicable to the present suit, read as follows:

"Art. 3017. An action for actual damages on account of injuries causing the death of any person may be brought in the following cases: (1) When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer, hirer of any railroad, steamboat, stagecoach, or other vehicle for the conveyance of goods or passengers, or by the unfitness, negligence or carelessness of their servants or agents. * * * (2) When the death of any person is caused by the wrongful act, negligence, unskillfulness or default of another."

It will be observed that the plaintiff by the allegations of her petition attributes the death of her husband to the act of the defendant's agent or servant, who was driving the wagon when the injuries causing the death were inflicted. The Supreme Court of Texas has ruled that, although a private corporation is a "person" within the meaning of the second subdivision of the statute and may be held liable in damages for a death caused by its own wrongful act, there is no liability when the death results from the acts or omissions of its agents and servants. Referring to the clause of the statute now under consideration, it was said by Mr. Justice Williams, speaking for the court, in Lipscomb v. Railway Company, 95 Texas, 18, 64 S. W. 925 (55 L. R. A. 869, 93 Am. St. Rep. 804), that:

"The second subdivision gives an action when the death is caused by the wrongful act, negligence, unskillfulness, or default of another. It is held in the case of Hendrick v. Walton, 69 Tex. 192 [6 S. W. 749], upon full consideration, that this gives no action against the principal or master for a death caused by the act of the agent or servant; and although it is held in Fleming v. Texas Loan Agency, 87 Tex. 239 [27 S. W. 126, 26 L. R. A. 250], that under this subdivision a corporation may be made responsible for a death caused by its own act or omission, this in no way changes the rule stated in the former case. The only contention here is that the express company should be held liable for the act of its servants. The action must stand or fall by the terms of the statute, which cannot be extended to include cases omitted from its provisions." Railway Company v. Freeman, 97 Tex. 394, 79 S. W. 9; Parker v. Dupree, 28 Tex. Civ. App. 341, 67 S. W. 185.

The decisions of the Supreme Court of this state render it quite evident that the present suit cannot be maintained under the second

subdivision of article 3017.   May it be sustained under the first subdivision?   This subdivision authorizes suit for injuries resulting in death against "any railroad, steamboat, stagecoach, or other vehicle for the conveyance of goods or passengers."   The agencies specifically enumerated—railroads, steamboats, and stagecoaches—are clearly embraced within the terms of the law.   But is a wagon, appropriated to private in contradistinction to public uses, included in the words "other vehicles for the conveyance of goods or passengers"?   If yea, the present suit is well brought; but, if the question should receive a negative response, the demurrer ought to be sustained.   To give an affirmative reply to the question would be to disregard one of the recognized and accepted rules for the construction of statutes, to wit:

"In the enumeration of particulars, general and comprehensive terms are sometimes used, in the construction of which reason and good sense require that, if you would not violate the intention of the writer, their meaning must be restricted to things of a like nature and description with the particulars among which they are found."  3 Words & Phrases, 2328.

The words, "railroad, steamboat and stagecoach," are words of well-known signification, and refer to and include quasi public corporations and agencies whose duties require them to serve the public in the transportation of goods and passengers.  The more general and comprehensive expression—"other vehicle for the conveyance of goods or passengers"—embraces only agencies "ejusdem generis"; that is, of like kind with those specifically enumerated.   And, thus construed, a wagon—a mere private vehicle used for purely private purposes—would not be included in the more general terms of the statute.   The rule of construction referred to has been well stated in the following language:

" 'Ejusdem generis' means of the same kind or species.   The words are used to designate a rule of construction that: 'When an author makes use, first, of terms, each evidently confined and limited to a particular class of a known species of things, and then, after such specific enumeration, subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet, when thus used, embraces only things ejusdem generis'—that is, of the same kind or species—with those comprehended by the preceding limited and confined terms."  3 Words & Phrases, 2328.

The conclusion announced is supported by two of the Courts of Civil Appeals of this state.   In Kirby Lumber Company's Receivers v. Owens, 120 S. W. 938, it was said by Mr. Justice Fly, speaking for the court:

"It was totally unnecessary to use qualifying words when the words, 'railroad, steamboat, stagecoach,' were used, because the very names of them are fully descriptive of their uses, but, when the words 'other vehicle' were used, an uncertainty would arise as to the kind of vehicle that was intended, so as not to include vehicles used for private purposes, such as carriages, buggies, and automobiles owned and used by individuals for the conveyance of their families or friends from place to place.   The latter kind of vehicles were not to be classed with railroads, steamboats, and stagecoaches, and therefore the descriptive words 'for the conveyance of goods or passengers' were used to place the 'other vehicles' in the same class with the vehicles first mentioned.   Those words require that the 'other vehicles' shall perform the service that is always performed by railroads, steamboats, and stage-

coaches, to' wit, the carriage of goods and 'passengers. The Legislature did not wish to render every owner, proprietor, charterer, or hirer of every ve-, hicle liable for the negligence of its servants or agents, and thus place them in the same category with railroads, and therefore the qualifying words were used. This is the logical conclusion arising from the decision in the Bammel v. Kirby Case [19 Tex. Civ. App. 198, 47 S. W. 392], and we think the only 'logical construction to be placed on the language used in article 3017."

In the case of the Farmers' & Mechanics' Nat. Bank v. Hanks (Tex. Civ. App.) 128 S. W. 150, the following language was used by Mr. Justice Levy, as the organ of the court:

"Obviously it was the intent of the Legislature to include within the act any means used' for transporting passengers, when it used the term 'or other vehicle for the conveyance of goods or passengers.' This language clearly indicates, we think, that the vehicle intended was one partaking of the nature of a public conveyance as distinguished from such vehicles used simply for private purposes. The elevator in this case was a vehicle used as a means of public conveyance for passengers, as distinguished from a vehicle used simply for private purposes, and that fact of' use and purpose brings it within the terms and meaning of the statute. Being a vehicle used as a means for transporting passengers, and not used purely for private purposes, the owner, we think, would by the statute be liable for a wrongful death caused by his servant."

Upon the argument it was conceded by counsel, representing the plaintiff, that the wagon which ran into, and caused the death of, her husband, was a vehicle used for purely private purposes. The ruling upon the demurrer is based upon such concession, which has been considered in connection with the language employed by the pleader in the petition.

The demurrer interposed by the defendant will be sustained, but with liberty to the plaintiff to amend if so advised.

Demurrer sustained.