## Appeal of Reamer et al.

*Jacob G. Crookston*, for appellants.

*F. G. Weir*, Deputy Attorney General, and *Charles J. Margiotti*, Attorney General, contra.

EGAN, J., April 2, 1937. — Appellants in the above-named cases are owners of a billiard and bowling establishment in the City of Pittsburgh. The Department of Revenue of the Commonwealth of Pennsylvania, acting under the Amusement Tax Act of June 22, 1935, P. L. 429, made an assessment of amusement tax against appellants for the month of October 1935, in the amount of $17.51, and this appeal followed.

A stipulation has been filed to try the case without the intervention of a jury, pursuant to the Act of April 22, 1874, P. L. 109, but there is no dispute about the facts, so it is unnecessary to find them in a detailed manner.

Appellants own and conduct a bowling alley and billiard room where bowling, billiards and pocket billiards (pool) are played by the public. No admission fee is charged those who enter the place, but those who engage in bowling or in billiards or pocket billiards pay a fixed charge at the conclusion of each game, or number of games played. In the bowling game, pinsetters render a personal service in placing the pins, and in pocket billiards the services of an attendant are required at intervals to rack or arrange the balls in a triangular form. Only those who actually bowl or engage in billiards or pocket billiards pay, and the amount is established according to the number of games or hours that the bowling alley or billiard table is used by the participants.

The question raised in this appeal involves the interpretation of the Amusement Tax Act of June 22, 1935, supra. It provides:

" 'Amusement'. All manner and forms of entertainment, including, among others, theatrical or operatic performances, concerts, moving picture shows, vaudeville, circus, carnival, and side shows, all forms of entertainment at fair grounds and amusement parks, athletic con-

tests, including wrestling matches, boxing and sparring exhibitions, football and baseball games, skating, golfing, tennis, hockey, bathing, dancing, and all other forms of diversion, sport, recreation, or pastime, shows, exhibitions, contests, displays, and games, and all other methods of obtaining admission charges, donations, contributions, or monetary charges of any character, from the general public, or a limited or selected number thereof, directly or indirectly, in return for other than tangible property, or specific personal or professional services. . . .

" 'Place of Amusement'. Any place, indoors or outdoors, where the general public, or a limited or selected number thereof, may, upon payment of an established price, attend or engage in any amusement as herein defined, including, among others, theatres, opera houses, moving picture houses, amusement parks, stadiums, arenas, baseball parks, skating rinks, circus or carnival tent or grounds, fair grounds, social, sporting, athletic, riding, gun, and country clubs, golf courses, bathing and swimming places, dance halls, tennis courts, rifle or shot gun ranges, roof gardens, cabarets, night clubs, and other like places."

It is significant that in these quoted paragraphs the legislature has specifically omitted bowling, billiards and pocket billiards, although it has listed less important activities such as wrestling, hockey, riding clubs, gun clubs, and rifle and shot gun ranges. Bowling and pocket billiards are common and well-known pastimes, and it can be assumed that the members of the legislature were familiar with their importance. Other legislation exists in which they are specifically named and described: Act of May 25, 1907, P. L. 244, 72 PS §2931; Act of May 15, 1850, P. L. 772, 72 PS §2938; Act of April 14, 1851, P. L. 569, 72 PS §2940. Did the legislature, then, intend to tax bowling and billiards and pocket billiards under the general language used in the Act of 1935?

In construing a taxing statute, the statute is to be construed most strictly against the Commonwealth and most

favorably to the taxpayer, and a citizen cannot be subjected to a special burden without clear warrant of law: Husband's Estate, 316 Pa. 361; Commonwealth v. P. R. T. Co., 287 Pa. 190; United States v. Merriam, 263 U. S. 179.

The principle of ejusdem generis must be applied in construing this statute of 1935. That principle means that general and specific words capable of analogous meaning take color from each other, so that the general words may be restricted to a sense analogous to those less general: Klucher's Appeal, 42 Dauph. 231; Pulom v. Jacob Dold Packing Co., 182 Fed. 356; Allen's Appeal, 81* Pa. 302; Bucher v. Commonwealth, 103 Pa. 528; Burns v. Coyne et ux., 294 Pa. 512. Therefore, it would seem to us that bowling, billiards, and pocket billiards cannot be brought within the provisions of the Act of 1935, because these activities are not ejusdem generis with any of the things specifically mentioned, but belong to a separate and totally different class of activities. This conclusion applies most strongly to that provision of the act defining "Place of Amusement", in which the legislature lists a large number of places coming within the intent of the act and then concludes with the words "and other like places", without listing bowling, billiards, and pocket billiards.

Construing the statute strictly, it is our opinion that the legislature did not intend to require an additional tax for bowling, billiards, or pocket billiards, under the broad terms of the general language used in the Act of 1935.

### Order

And now, April 2, 1937, the appeal of J. A. Reamer and John C. Giles, partners, doing business as Reamer and Giles, is sustained and the assessment made of the tax of $17.51 under the Amusement Tax Act of June 22, 1935, P. L. 429, is hereby set aside, at the cost of the appellee.