STEIS *v.* LIQUOR CONTROL COMMISSION

1. STATUTES—LIQUOR CODE—"BEER"—"WINE"—"SPIRITS".
   The terms "beer", "wine", and "spirits" are, as used in the liquor code, exclusive and neither "beer" nor "wine" is encompassed within the meaning of the term "spirits" (MCLA § 436.2).

2. LICENSES—LIQUOR—SUNDAY SALE—GROSS RECEIPTS.
   Gross receipts from the sale of beer and wine are included in an establishment's total gross receipts from the sale of food and other goods and services for the purpose of determining the establishment's qualification to sell spirits for consumption on the premises on Sundays after 2 p.m. (MCLA § 436.19e).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 November 6, 1970, at Lansing. (Docket No. 9,149.) Decided December 2, 1970.

Application by Bernard and Jeanette Steis to the Michigan Liquor Control Commission for a liquor license. Application denied. Plaintiffs appealed to circuit court. Reversed. Defendant appeals. Affirmed.

*Vlachos & Carey,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Franklin J.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors § 12.
[2] 45 Am Jur 2d, Intoxicating Liquors § 131.

*Rauner* and *James J. Blanchard,* Assistant Attorneys General, for the people.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

CHURCHILL, J.  The plaintiffs, Class C licensees of Detroit, made application to Michigan Liquor Control Commission, defendant, for authorization to sell spirits for consumption on the premises on Sundays after 2 p.m.  Defendant denied the application, ruling that plaintiffs were not qualified to sell spirits on Sunday under the applicable statute.

By Public Acts of 1968, No 313, § 19e of the Michigan Liquor Control Act was amended to read, in part, as follows:

"[t]he legislative body of any county may authorize the sale of spirits, for consumption on the premises, on Sunday after 2 p.m. * * * in any establishment licensed under this act in which the gross receipts derived from the sale of food and other goods and services exceeds 50% of the total gross receipts."[1]

It is undisputed that if plaintiffs' gross receipts from the sale of beer and wine are included in their "gross receipts derived from the sale of food and other goods and services" they qualify for the Sunday sale of spirits under the act and further that if their gross receipts from the sale of beer and wine are not included in such computation they do not qualify.

Plaintiffs sought review of the defendant's adverse determination in the Ingham County Circuit Court, where it was determined that the plaintiffs'

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 1970 Cum Supp § 436.19e (Stat Ann 1970 Cum Supp § 18.990[5]).

gross receipts from beer and wine sales were gross receipts from the sale of foods and other goods and services within the meaning of the statute and the defendant's denial of the application was reversed. From this order the defendant appeals.

The terms "alcoholic liquor", "beer", "wine", and "spirits" are separately and carefully defined in the liquor code.[2] The terms "beer", "wine", and "spirits" are exclusive and neither "beer" nor "wine" are encompassed within the meaning of the term "spirits". The terms "good" or "other goods" are not defined in the liquor code. The legislature could have used defined terms in the language of the amendment or it could have defined the words it did use, but it did neither. The omission to follow either course, in one branch of the legislature, at least, was intentional because immediately prior to final adoption of the statute, separate proposed amendments to add the words "including beer and wine" and the words "excluding beer and wine" following the words "other goods" were defeated.[3]

We agree with Judge Reisig who wrote, in his opinion filed in the trial court, as follows:

"[I]t is the opinion of this court that the language of the statute is plain and unambiguous, that no legislative intention contrary to the clear and unambiguous language of the statute is apparent, that the words 'other goods' are not technical terms or terms that have acquired a peculiar and appropriate meaning, that the general words 'other goods' used in this statute must receive a general construction and since there is no express exception within the statute, this court has no duty or right to create one. See *Ten Eyck* v. *Wing* [1848], 1 Mich 40 and *Arends* v. *Grand Rapids Railway Company* [1912], 172 Mich 448. Therefore, the general words 'other

---

[2] MCLA § 436.2 (Stat Ann 1957 Rev § 18.972).
[3] Journal of the House, June 6, 1968, pp 3051–3053.

goods' includes within its meaning, purport, and definition 'beer and wine'. It is not for this court to pass upon the wisdom, policy, or consequences of said act (see *Alexander* v. *Employment Security Commission* [1966], 4 Mich App 378) nor is it our right here, as suggested in the brief of the Attorney General, to speculate on the legislative purpose to be accomplished by the act. Here, if the legislature meant something other than they stated in clear terms according to the common and approved usage of the language, they could have, and can in the future, make such intention known."

We affirm without costs, a public question being involved.

All concurred.